UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

LAMONT WALKER,

                               Plaintiff,

v.                                         Case No. 16-cv-654-pp

CO PITZEN, CAPT. HEGLIN,
CAPT. KELLER, MR. FRANSON,
CAPT. MORGAN, and WARDEN GREGORY GRAMMS,

                               Defendants.
_____

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), SCREENING PLAINTIFF'S COMPLAINT (DKT. NO. 1) AND DISMISSING DEFENDANTS HEGLIN AND GRAMMS**
_____

The *pro se* plaintiff, Lamont Walker, is confined at the Wisconsin Secure Program Facility. He filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. Dkt. No. 1. In this order, the court grants the plaintiff's motion to proceed without prepayment of the filing fee (*in forma pauperis*) and screens the plaintiff's complaint.

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an

1

initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350.00 filing fee over time through deductions from his prisoner account. Id.

On June 16, 2016, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $1.88. Dkt. No. 7. The plaintiff paid that fee on July 11, 2016. Accordingly, the court will grant the plaintiff's motion for leave to proceed without pre-paying the filing fee and allow the plaintiff to pay the balance of the $350.00 filing fee over time from his inmate account, as described at the end of this order.

## II.   SCREENING OF THE PLAINTIFF'S COMPLAINT

The law allows a court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint, or a part of it, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

2

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff shall provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly. First, the court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual

3

allegations, the court then must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court must give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.  Allegations in the Complaint

The plaintiff was incarcerated at Columbia Correctional Institution ("CCI") at all times relevant to the allegations in the complaint. Dkt. No. 1 at 1. The defendants are: Officer Pitzen (a correctional officer at CCI); Captain Heglin; Captain Keller; Mr. Franson (a hearing officer for the Wisconsin Department of Corrections at CCI); Captain Morgan (supervisor of the relevant hearing); and CCI Warden Gregory Gramms. Id. at 1-2.

The plaintiff alleges that on October 8, 2010, defendant Keller told him that he would be receiving a conduct report for threats, sexual conduct, and disrespect. Id. at 2. The plaintiff responded that he had done nothing wrong, but Keller showed him a letter addressed to a female staff member, and stated that the plaintiff wrote it (a fact the plaintiff denied). Id. On October 12, 2010,

4

defendant Pitzen issued the plaintiff a conduct report for threats, sexual conduct, and disrespect based on the letter. Id.

At the November 1, 2010 hearing on the conduct report, the plaintiff explained to defendants Franson and Morgan that defendant Keller shouldn't be a part of the investigation because the plaintiff had filed a lawsuit against Keller. Id. Franson and Morgan disregarded the plaintiff's concerns and went ahead with the hearing. Id. Defendant Keller testified at the hearing that based on a handwriting analysis, he believed the plaintiff wrote the letter; he also testified that he had training in handwriting analysis. Id. Franson and Morgan found the plaintiff was found guilty on all charges, and sentenced him to serve 180 days in segregation "due to the fact that the writer of the conduct report was credible and Capt. Keller expertise in handwriting [sic]." Id.

The plaintiff alleges that "staff" wrote the conduct report in retaliation for him filing a lawsuit against them. Id. He claims that the hearing officers could have dismissed the conduct report at the hearing, the security director could have dismissed the conduct report, or the warden could have dismissed it. Id.

For relief, the plaintiff seeks monetary damages. Id. at 3.

B.   Discussion

The plaintiff alleges one cause of action based on the facts described above. He alleges that the defendants violated his First Amendment rights, by filing the conduct report against him in retaliation for his filing a lawsuit against them. Id. at 3.

5

Case 2:16-cv-00654-PP   Filed 07/25/16   Page 5 of 9   Document 8

"To prevail on a First Amendment retaliation claim, [a plaintiff] must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action. Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir.2008) (quoting Massey v. Johnson, 457 F.3d 711, 716 (7th Cir.2006))." Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). The plaintiff does not state in the complaint when he filed the lawsuit, and who the defendants were (although he does make clear that defendant Keller was one of the people he sued). Nonetheless, he alleges that he filed a lawsuit against "the defendants."

With regard to defendants Keller and Pitzen, the plaintiff alleges that they were the ones who created or filed the conduct report. He also claims that they filed that conduct report in retaliation for him suing them. "Retaliation for filing a lawsuit is prohibited by the First Amendment's protection of free speech . . . ." Zorzi v. Cnty. of Putnam, 30 F.3d 885, 896 (7th Cir. 1994). The plaintiff has stated sufficient facts to allow him to proceed on his First Amendment retaliation claim against Keller and Pitzen.

As to defendants Franson and Morgan, the plaintiff alleges that they conducted the hearing on the conduct report, and that even though he told them that Keller should not be involved due to his conflict of interest, they allowed Keller to participate, and accepted Keller's version of events. While the facts the plaintiff alleges against these defendants are sparse, the plaintiff has

6

intimated that Franson and Morgan knew that Pitzen and Keller created the report in retaliation—thus perpetuating the retaliation.

The court will not allow the plaintiff to proceed on his First Amendment claims against defendants Heglin and Gramms. Other than listing him in the list of defendants, the plaintiff makes no other mention of Heglin in his complaint. "[I]ndividual liability under §1983 requires 'personal involvement in the alleged constitutional violation.'" Minix v. Canarecci, 597 F.3d 824, 833 (7th Cir. 2010) (quoting Palmer v. Marion Cnty., 327 F.3d 588, 594 (7th Cir. 2003). The plaintiff does not allege any personal involvement by Heglin.

Similarly, the plaintiff does not allege any person involvement by Gramms, other than to say that Gramms could've dismissed the conduct report. It appears that the plaintiff feels that, because Gramms was the warden, he has supervisory liability. This is not the case. "'[T]o be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct.'" Morfin v. City of East Chicago, 349 F.3d 989, 1001 (7th Cir. 2003) (citations omitted). Because the plaintiff does not allege any personal involvement by Gramms, the court will not allow the plaintiff to proceed on his claim against Gramms.

## III. **CONCLUSION**

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 5.

7

The court **DISMISSES** defendants Heglin and Gramms as defendants. The court **ALLOWS** the plaintiff to proceed on his First Amendment retaliation claim against defendants Pitzen, Keller, Franson and Morgan.

The court **ORDERS** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

The court also **ORDERS** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $348.12 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary shall identify the payments by the case name and number assigned to this case.

The court **ORDERS** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing

Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT SEND PLEADINGS DIRECTLY TO CHAMBERS; it will only slow the proceedings. The court advises the plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 25th day of July, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge